FILED
GARFIELD COUNTY, OKLA
JUN 29 2021
JANELLE M. SHARP
COURT CLERK
BY
DEPUTY COURT CLERK

IN THE DISTRICT COURT OF GARFIELD COUNTY
STATE OF OKLAHOMA

DUSTIN WINKLER and )
JODI WINKLER, as next friends of )
M█████ W███████, a Minor )
)
)
)
      Plaintiffs, )
vs. )  Case No. CJ-2021- 134-02
)
SAEEXPLORATION SEISMIC )
SERVICES, LLC, and )
FRANSISCO JAVIER GARCIA )
)
      Defendant )

## PETITION

COMES NOW Plaintiffs, Dustin Winkler and Jodi Winkler as next friends of M█████ W███████, and for their cause of action against Defendant, Saexploration Seismic Services, LLC ("SAE") and Fransisco Javier Garcia ("Garcia") (both hereinafter collectively referred to as "Defendants") and allege and states as follows:

### JURISDICTION AND VENUE

1. That all Plaintiffs are residents of the State of Oklahoma and Garfield County, Oklahoma at all times material herein.

2. Plaintiffs, Dustin Winkler and Jodi Winkler are the natural parents and next friends of M█████ W███████, a minor.

3. SAE is a Delaware Limited Liability Company with its principle place of business in Texas and also doing business in the State of Oklahoma.

4. Garcia is a resident of the State of Texas.

5. That the acts and omissions giving rise to this lawsuit occurred in Garfield County, Oklahoma.

**EXHIBIT 1**

6. This Court has jurisdiction over the subject matter of all claims contained herein and personal jurisdiction over all parties.

7. Venue is properly lodged with this Court.

### FIRST CAUSE OF ACTION

#### Negligence

8. Plaintiff incorporates by reference paragraphs 1-7 above as if specifically set forth herein.

9. On or about July 28, 2019, M[redacted] W[redacted] was an occupant of a vehicle travelling on a county road and Garcia failed to yield at an intersection in rural Garfield County and struck the Plaintiffs' vehicle.

10. The vehicle in which M[redacted] W[redacted] was an occupant had the right of way and Garcia was required to yield to that vehicle.

11. Garcia was an employee and/or agent of SAE at the time of the accident within the course and scope of his employment and/or agency such that SAE is responsible for Garcia's actions through respondent superior.

12. As a result of the negligence described above, M[redacted] W[redacted] sustained serious personal injuries, has and will suffer pain of mind and body, and has and will incur medical expenses for their physical, mental and emotional injuries.

13. M[redacted] W[redacted] suffered severe emotional trauma from the events caused by Defendants' negligence.

14. Defendant's negligence was the proximate and actual cause of M[redacted] W[redacted] injuries and trauma.

15. Defendants' actions were in reckless disregard for their duty and obligation to M▇ Wi▇, such that Plaintiffs are entitled to punitive damages in an amount to be determined by a jury, in order to ensure that she is punished for their conduct to serve as an example to other persons similarly situated that may attempt the same conduct.

WHEREFORE, premises considered, Plaintiffs pray for judgment against Defendants, for actual and punitive damages, all in excess of that required for diversity jurisdiction pursuant to 28 U.S.C.A. Sec. 1332, together with all attorneys' fees, interest and costs, and for such additional relief as this court deems equitable and appropriate.

## SECOND CAUSE OF ACTION

### Negligence Per Se

16. Plaintiff incorporates by reference paragraphs 1-1 above as if specifically set forth herein.

17. 47 O.S. § 11-401 requires drivers to not enter intersections unless safe to do so and must yield right of way to a vehicle on their right.

18. The above statute was passed for a safety purpose, to protect vehicle occupants (the protected class of the statute) on Oklahoma Roads.

19. It was unsafe for Garcia to enter the intersection where the collision occurred and Garcia was required to yield to the vehicle that M▇ W▇ occupied as it was on his right. Both failures were in violation of 47 O.S. § 11-401.

20. Garcia's violation of 47 O.S. § 11-401 caused the type of injuries to the M▇ W▇ that the statute was passed to prevent, those from vehicle collisions.

21. Garcia was an employee and/or agent of SAE at the time of the accident within the course and scope of his employment and/or agency such that SAE is responsible for Garcia's actions through respondent superior.

22. Defendants' actions were in reckless disregard for their duty and obligation to Plaintiffs, such that Plaintiffs are entitled to punitive damages in an amount to be determined by a jury, in order to ensure that she is punished for their conduct to serve as an example to other persons similarly situated that may attempt the same conduct.

WHEREFORE, premises considered, Plaintiffs pray for judgment against Defendants, for damages, all in excess of that required for diversity jurisdiction pursuant to 28 U.S.C.A. Sec. 1332, together with all attorneys' fees, interest and costs, and for such additional relief as this court deems equitable and appropriate.

Respectfully submitted,

_____
Clint A. Claypole, OBA# 30045
Long, Claypole & Blakley Law, PLC
P O Box 3623
Enid, OK 73702
(580) 233-5225
Fax (580) 233-3522
Attorney for Plaintiff

**ATTORNEY'S LIEN CLAIMED**