IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DUSTIN WINKLER and JODI WINKLER, as next friends of M.W., a minor,

    Plaintiffs,

-vs-

SAEXPLORATION SEISMIC SERVICES, LLC, and FRANCISCO JAVIER GARCIA,

    Defendants.

Case No. CIV-21-0730-F

## ORDER

The court has a duty to determine its jurisdiction. <u>Tuck v. United Services Automobile Assoc.</u>, 859 F.2d 842, 844 (10th Cir. 1988). Upon review of the notice of removal, the court finds that the diversity of citizenship allegations are deficient for one or more of the following reasons (indicated by an "X" on this form).[1]

---

[1] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.

\_\_\_\_ The pleading fails to identify the state of citizenship with specificity.² For example, it is not sufficient to allege that an individual or entity is not a citizen of State A.

\_\_\_\_ The pleading does not clearly identify the nature of one or more entities (corporation, limited liability company, partnership, etc.) whose citizenship is relevant. This is important because the jurisdictional facts which must be alleged vary, depending on the type of entity.

 X    An Individual.

   X   The pleading does not allege the specific state in which an individual is a "citizen" or has "citizenship." Allegations regarding residency are not sufficient because, for purposes of 28 U.S.C. §1332, citizenship and residence are two entirely distinct concepts.³

\_\_\_\_ A Corporation.
   \_\_\_\_ The pleading does not clearly identify the entity as a corporation.

---

² *See*, Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than the state of New York is "clearly insufficient to establish diversity jurisdiction….").

³ The notice of removal states Garcia was a resident of Texas at the time of the filing of this action, and "therefore" Garcia is a citizen of Texas. But residence alone is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Construction Co., 357 F.2d 242, 245 (10th Cir. 1966). It is domicile, not residence, which is relevant for determining an individual's citizenship. Siloam Springs Hotel, L.L.C. v. Century Surety Co., 781 F.3d 1233, 1238 (10th Cir. 2015). For any number of reasons, an individual can reside in one place but be domiciled in another place; for adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

    \_\_\_\_ The pleading does not identify the state of incorporation. It is not sufficient to allege that a corporation is licensed to do business in a state.

    \_\_\_\_ The pleading does not identify the state in which the corporation has its principal place of business.

\_\_\_\_ <u>A Limited Liability Company (LLC)</u>.

    \_\_\_\_ The pleading does not clearly identify the entity as an LLC.

    \_\_\_\_ All of the members of the LLC are not identified.

    \_\_\_\_ All information necessary to determine the citizenship of each of the members of the LLC is not alleged. For example, if a member is another entity, then the type of entity must be clearly identified, and all information necessary to determine that entity's citizenship must be alleged, down through all layers of membership.[4]

\_\_\_\_ <u>Partnership.</u>

    \_\_\_\_ The pleading does not clearly identify the entity as a partnership.

    \_\_\_\_ All of the partners are not identified.

    \_\_\_\_ All information necessary to determine the citizenship of each of the partners is not alleged. For example, if a partner is another entity, then the type of entity must be clearly identified, and all information necessary to determine that entity's citizenship must be alleged, down through all layers of membership or partnership. *See*, n.4, *supra*.

---

[4] For example, if one of the members is an LLC, then *its* members, and their specific states of citizenship, as well as all underlying information necessary to support those conclusions, must be alleged, and so on.

\_\_\_\_   Other Types of Entities.[5]

    \_\_\_\_   The pleading does not clearly identify the type of entity.

    \_\_\_\_   All information necessary to determine the citizenship of the entity is not alleged.

\_\_\_\_   Other Deficiencies.

    \_\_\_\_   The information necessary to determine the citizenship of an entity is not alleged down through all layers.

*Illustration.* Party A is an LLC.  The citizenship of the members of an LLC are imputed to the LLC.  Accordingly, the members of the LLC, and all jurisdictional information necessary to determine each member's state or states of citizenship, must be determined and alleged.  The members of Party A are X and Y.  X is an individual who is a citizen of Oklahoma.  Y is another LLC (the second LLC).  The members of Y are B and C.  B is yet another LLC (the third LLC) and C is a corporation.  The members of B are D and E.  D is an individual who is a citizen of Texas.  E is a partnership.  The partners of E are F and G. F is an individual who is a citizen of Kansas.  G is an individual who is a citizen of Arkansas.  Corporation C (the second member of Y) is incorporated in Delaware and has its principal place of business in Florida.  Based on the above, the states in which members of Party A are citizens are Oklahoma (X's state of citizenship); and Texas, Kansas, Arkansas, Delaware and Florida (Y's states of citizenship).  Party A is

---

[5] Regarding determination of citizenship for various types of entities, *see generally*, 15 James Wm. Moore, Moore's Federal Practice, §§ 102.50-102.58 (3d ed. 2020); Wright & Miller, 13 Fed. Prac. & Proc. Juris. § 3630.1 (3d ed.) (application of the citizenship rule for unincorporated associations).

therefore deemed a citizen of Oklahoma, Texas, Kansas, Arkansas Delaware and Florida.

\_\_\_\_ Other:

## Order to Cure Deficiencies.

Defendants, as the parties invoking this court's subject matter jurisdiction based on diversity of citizenship, are **DIRECTED** to:

File, within \_\_7\_\_ days of the date of this order, a supplement to the notice of removal which provides all of the missing jurisdictional information.

Failure to comply may result in dismissal of this action without prejudice, or remand in a removed action.

IT IS SO ORDERED this 27th day of July, 2021.

*[signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0730p001.docx